# Presidential or Legislative Pardon of the President

Under the fundamental rule that no one may be a judge in his own case, the President cannot pardon himself.

If under the Twenty-Fifth Amendment the President declared that he was temporarily unable to perform the duties of the office, the Vice President would become Acting President and as such could pardon the President. Thereafter the President could either resign or resume the duties of his office.

Although as a general matter Congress cannot enact amnesty or pardoning legislation, because to do so would interfere with the pardoning power vested expressly in the President by the Constitution, it could be argued that a congressional pardon granted to the President would not interfere with the President's pardoning power because that power does not extend to the President himself.

August 5, 1974

MEMORANDUM OPINION FOR THE DEPUTY ATTORNEY GENERAL[*]

I am forwarding to you an outline on the question whether the President can receive an executive or legislative pardon, and several substitute measures. Please advise me whether you require a more definitive memorandum, and, if so, which portions should be expanded upon and which may be dealt with summarily.

## I. Executive Action

1. Pursuant to Article II, Section 2 of the Constitution, the "Power to grant Reprieves and Pardons for Offenses against the United States, except in Cases of Impeachment," is vested in the President. This raises the question whether the President can pardon himself. Under the fundamental rule that no one may be a judge in his own case, it would seem that the question should be answered in the negative.

2. The necessity doctrine would not appear applicable here. That doctrine deals with the situation in which the sole or all judges or officials who have jurisdiction to decide a case are disqualified because they belong to a class of persons who have some interest in the outcome of the litigation, thus depriving the citizen of a forum to have his case decided. In that situation the disqualification rule is frequently relaxed to avoid a denial of justice. *Evans v. Gore*, 253 U.S. 245, 247–48 (1920);[**] *Tumey v. Ohio*, 273 U.S. 510, 522 (1927). It is, however, extremely questionable whether that doctrine is pertinent where the deciding official himself would be directly and exclusively affected by his official act. *See Tumey*, 273 U.S. at 523.

---

[*] Editor's Note: A hand-written note in the margins of this memorandum in the OLC daybook states that the memorandum was "Hand carried by Lawton to Dep AG 8/5/74."

[**] Editor's Note: A different aspect of the holding in *Evans* was subsequently overruled by *United States v. Hatter*, 532 U.S. 557, 569–70 (2001).

3. A different approach to the pardoning problem could be taken under Section 3 of the Twenty-Fifth Amendment. If the President declared that he was temporarily unable to perform the duties of his office, the Vice President would become Acting President and as such he could pardon the President. Thereafter the President could either resign or resume the duties of his office.

## II. Legislative Action

1. *Legislative pardon.* The question whether Congress has the power to enact legislation in the nature of a pardon or of an amnesty has not been authoritatively decided. However, recently, in connection with several bills pertaining to an amnesty to Vietnam War resisters, the Department of Justice has taken a very strong position to the effect that Congress lacks the power to enact such legislation. *See Hearings on Bills and Resolutions Relating to Amnesty Before the Subcomm. on Courts, Civil Liberties and the Administration of Justice of the H. Comm. on the Judiciary*, 93d Cong. at 29–36 (1974) (testimony of Deputy Assistant Attorney General Leon Ulman, Mar. 8, 1974) ("Ulman Testimony"). It would appear to be questionable whether the Department should reverse its position now and establish an embarrassing precedent.

It should be noted, however, that Deputy Assistant Attorney General Ulman's testimony was based on the theory that Congress cannot enact amnesty or pardoning legislation because to do so would interfere with the pardoning power vested expressly in the President by the Constitution. This would permit the argument that Congress can enact such legislation in those areas where that power is not vested in the President. A congressional pardon granted to the President would not interfere with the President's pardoning power because, as shown above, that power does not extend to the President himself.

2. *Enactment of a plea as bar to criminal prosecution.* The suggestion has been made that Congress could enact legislation to the effect that impeachment, removal by impeachment, or even a recommendation of impeachment by the House Judiciary Committee could be pleaded in bar to criminal prosecution.

While it has been the position of the Department of Justice that Congress cannot enact pardoning legislation, it has conceded that Congress has the power to enact legislation establishing defenses or pleas in bar to the prosecution in certain circumstances. However, in the present circumstances it would seem that such legislation would be identical with a legislative pardon unless it is of fairly general application. The proposal of such legislation by the Administration therefore could undercut the sincerity of its opposition to legislative pardons.

Moreover, it could be argued that such legislation would be inconsistent with the language, if not the spirit, of Article I, Section 3, Clause 7 of the Constitution pursuant to which in case of impeachment "the Party convicted shall nevertheless be liable and subject to Indictment, Trial, Judgment, and Punishment according to Law." In our view this clause does not require subsequent criminal proceedings; it

merely provides that they would not constitute double jeopardy. To read this clause as being mandatory would, of course, preclude any kind of pardon.

In any event care would have to be taken in drafting such legislation to have it cover all prosecutions and not only those offenses which are the subject matter of the impeachment proceedings. This may be important in view of the tax delinquencies not included in the proposed articles of impeachment.

3. *Concurrent resolution requesting the next President to grant a pardon.* Inasmuch as such a concurrent resolution would be only hortatory and have no legal effect, it would not interfere with the future President's pardoning power; hence, it would be acceptable. The Department of Justice took that position with respect to the Vietnam amnesty bills. *See* Ulman Testimony at 31, 33–34.

4. *Immunity resulting from testimony before congressional committees.* Title 18, section 6005 of the U.S. Code (1970) establishes a procedure to grant immunity to witnesses testifying before congressional committees. That immunity, however, is limited to the use of the testimony or other information given by the witness or to any information directly or indirectly derived from that testimony or information. 18 U.S.C. § 6002. It does not bar prosecution with respect to the subject matter of that testimony. The scope of 18 U.S.C. §§ 6002 and 6005 therefore would not bar any prosecution based on evidence other than that obtained from the witness.

MARY C. LAWTON
*Acting Assistant Attorney General*
*Office of Legal Counsel*